HART et v. HART, Admrx.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Nos. 9113, 9118. Decided June 4, 1928.

Syllabus by Editorial Staff.

DECEDENTS' ESTATES

(220 M) As against residuary clause in will, property devised with mortgage upon it, when there has been provision that all debts be paid, passes free and clear and mortgage debt is chargeable to estate.

(220 Wa) Bequest of all property to heirs, subject to specific bequests, held to be residuary clause.

Error to Common Pleas.

Judgment affirmed.

Hart, Curry, Sklenicka and Murray, Cleveland, for Hart.

Cull, Burton & Laughlin, Cleveland, for Hart, Admrx.

STATEMENT OF FACTS.

On or about the 5th of October, 1926, Theresa Hart died, leaving Clara V. Keeley, a daughter, Wm. J. Hart, a son, James P. Hart, a son, Thomas Hart, a son, Agnes Hart, a daughter, Louis E. Hart, a son, and Robert W. Hart, a grandson, the son of Ignatius Hart, deceased, and was seized of certain parcels of real property and some personal property. The will was duly probated and Agnes Hart was appointed administratrix under said will, and in order to determine the rights of the various children under said will, this suit was brought, to obtain a construction upon sections three and four of said will.

Theresa Hart was the wife of Wm. J. Hart, who died a few months prior to the death of his wife.

Item First of Theresa Hart's will provides as follows:

"My wish is that all my just debts and funeral expenses be paid as soon after my death as possible.

Item Second provides:

"I give and bequeath to my beloved husband, William J. Hart, a life interest in all of the real and personal property I may own wheresoever the same may be situated, but as long as my daughter, Agnes Hart, remains unmarried it is essential and I make it an obligation on my husband to live with her and support her and to keep house just the same as we are now.

Item Third provides:

"I give and bequeath to my beloved daughter, Agnes Hart, the property now occupied by us at 2504 Euclid Boulevard, to her and her heirs forever."

At the time of her death there was in force on the property, the homestead which is mentioned in article three, a mortgage of some Twelve Thousand Dollars, and the question that the court has to decide is whether Agnes Hart, the devisee under Item three of this will is to take this homestead free from the debt that is upon it, the evidence showing that there is enough property aside from this particular parcel to pay all the debts including this mortgage and that there will be something remaining.

VICKERY, J.

The record shows that this piece of property, the homestead was worth something over $30,000 and that there was a mortgage upon it of about $12,000, leaving an equity of some $20,000, but it was a homstead. The record also shows that there was not enough personal property to pay all the debts of Theresa Hart with the mortgage included, but it also shows that there was a farm in Cuyahoga County that was worth more than enough to pay all the debts including the mortgage upon the homestead and leave something for the heirs besides.

Now with that in mind we come to Item four of the will which is as follows:

"I bequeath to my beloved children, Clara V. Keeley, my daughter now living in Akron, Ohio, William J. Hart, James P. Hart, Thomas Hart, Louis E. Hart, Agnes Hart and my grandson Robert W. Hart, son of my deceased son Ignatius Hart, all of my property real and personal wheresoever the same may be situated, each to take share and share alike subject to the life interest of my husband as contained in

bequest No. 2 and subject to all of the conditions therein provided for."

Now it is claimed that this provision of the will is in a measure inconsistent with Item two; that is, that is gives the property after the personal property has been used for the payment of debts, and after excluding property in Item three, to these various children and the grandson named in Item four of the will as a specific devise. Taking this whole will together, it seems to us that Item four of this will, although it does not use the terms, is nothing more than a residuary clause. Of course if there was not enough property to pay the debts including the mortgage, then the other debts would have to be paid first, and Agnes would have to bear the balance or all of the mortgage if necessary, but the record in this case, as already pointed out, shows a different state of facts with relation to the extent of the estate.

We think the authorities all hold that as against a residuary clause in a will the property devised with a mortgage upon it when there has been a provision that all the debts be paid, the taker of that mortgaged property takes it free from the mortgage and the mortgage is a debt chargeable to the estate. Now our construction of the fourth item in this will is that it amounts only to a residuary clause in the will.

The judgment of the Court of Common Pleas, therefore, was right and the same will be affirmed.

(Sullivan, P.J. and Levine, J., concur.)